MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

JEFF S. WESTERMAN (SBN 94559)
jwesterman@jswlegal.com
WESTERMAN LAW CORP.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 698-7450
Facsimile: (310) 201-9160

Co-Lead Counsel for Masonek Plaintiffs and the Class

LAWRENCE C. BARTH (SBN 123002)
Lawrence.Barth@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 683-4017

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| *In re:* MEDICAL CAPITAL SECURITIES LITIGATION<br><br>This document relates to:<br><br>NO. SACV 09-1048 DOC (RNB)<br><br>NO. SACV 10-00548 DOC (RNBx)<br><br>NO. SACV 10-6561 DOC (RNB) | CASE NO. SA 10-ML-2145 DOC (RNB)<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING |

1  ~~The Motion by the Plaintiffs in the case captioned *Masonek v. Wells Fargo*~~
2  ~~*Bank, N.A.*, Case No. SACV 09-1048 DOC (RNBx) (the "Class Action") for~~
3  ~~Preliminary Approval of the Settlement with Wells Fargo Bank, N.A. ("Wells~~
4  ~~Fargo") came on for hearing on __XXXXXXXXXXXXXXX__, 2013. Appearances were~~
5  ~~entered on the record~~.

6  The Court, having reviewed and considered the Motion, hereby GRANTS the
7  Motion, and further finds and orders as follows:

8      1.    The Noteholder Actions include:  (1) the Class Action; (2) the case
9  captioned *Bain v. Wells Fargo Bank, N.A., et al.,* Case No. SACV 10-00548 DOC
10  (RNBx) (the "Bain Action"); and (3) the case captioned *Abbate v. Wells Fargo*
11  *Bank, N.A.*, Case No. SACV 10-6561 DOC (RNBx) (the "Abbate Action").  The
12  plaintiffs in the Class Action are referred to herein as the "Masonek Plaintiffs"; the
13  plaintiffs in the Noteholder Actions are collectively referred to herein as the
14  "Plaintiffs."

15      2.    The Plaintiffs in the Noteholder Actions, on the one hand, and Wells
16  Fargo, on the other hand, have agreed upon the terms and conditions of the
17  Settlement, as set forth in the Stipulation of Settlement, dated April  25 , 2013,
18  which has been filed with the Court.

19      3.    The definitions in the Stipulation of Settlement are hereby
20  incorporated as though fully set forth in this Order, and except where otherwise
21  noted, capitalized terms shall have the meanings attributed to them in the
22  Stipulation of Settlement.

23      4.    The Court has carefully reviewed the Stipulation of Settlement, as well
24  as the files, records, and proceedings to date in the Noteholder Actions.

25      5.    Because the Settlement meets the standards for preliminary approval,
26  the terms of the Settlement as set forth in the Stipulation of Settlement are
27  preliminarily approved as being fair, reasonable, and adequate.
28

1   6.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement of the claims of the Masonek Plaintiffs and the Class Members is subject to Court approval.  The settlement of the claims of the Bain Plaintiffs and the Abbate Plaintiffs, on the other hand, does not require Court approval under Rule 23.  However, pursuant to the Stipulation of Settlement, the entry of the Abbate Final Order and Judgment and the Bain Final Order and Judgment (Exhibits F and E respectively to the Stipulation of Settlement), and the consequent dismissal with prejudice of the Abbate Action and the Bain Action, is conditioned upon the Court's approval and entry of the Class Action Final Order and Judgment (Exhibit D to the Stipulation of Settlement).  Accordingly, the findings of this Order are limited to the Settlement as it applies to the Class Action, except that Paragraphs 15–16 and 29–31 below extend to all of the Noteholder Actions.

7.   On or about July 26, 2011, this Court certified the Class.  On or about December 8, 2011, the Court approved the form of class notice and class notice plan.  Pursuant to the class notice plan, class notice was mailed to absent class members on or about January 31, 2012 and a summary notice was published in the Legal Section of *USA Today*.  Class notice and related documents were also published on the website www.medicalcapitalclass.com.  Absent class members were given 60 days to opt out of the class—a period that expired on or about March 30, 2012.

8.   In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Federal Rule of Civil Procedure 23(e)(4) and the circumstances of this case to preclude Class Members from having a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings.  The previous class notice provided adequate information to Class Members about their rights and the claims in the Class Action, and informed Class Members that they

2   [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION

1  would be bound by any judgments that the Court makes in this case if they did not
2  exclude themselves from the Class at that time.

3      9.   The Masonek Plaintiffs have investigated the facts and law relating to
4  the matters alleged in their complaint, including extensive pretrial discovery,
5  pretrial motion practice, legal research as to the sufficiency of the claims, and an
6  evaluation of the risks associated with continued litigation, trial, and/or appeal(s).

7      10.  The Settlement was reached in good faith and as a result of extensive
8  arm's length negotiations between counsel for Plaintiffs in the Noteholder Actions,
9  on the one hand, and counsel for Wells Fargo, on the other hand, occurring over
10 mediation sessions with the Honorable Layn R. Phillips (Ret.).

11     11.  The Settlement confers substantial benefits upon the Plaintiffs and the
12 Class Members, particularly in light of the damages that the Masonek Plaintiffs and
13 Class Counsel believe are potentially recoverable or provable at trial, without the
14 costs, uncertainties, delays, and other risks and expenses associated with continued
15 litigation, trial, and/or appeal(s).

16     12.  A Fairness Hearing shall be held before this Court at __8:30__ _a_.m.
17 on _August 12_, **2013**, to determine whether the Stipulation of Settlement
18 should be approved as fair, reasonable, and adequate, and to determine whether the
19 Class Action Final Order and Judgment (Exhibit D to the Stipulation of Settlement)
20 should be entered dismissing the Class Action with prejudice as against Wells
21 Fargo and the Released Parties.  The Court will also consider Class Counsel's
22 application for an award of attorneys' fees, costs, and expenses (the "Fee
23 Application") and approval of a Plan of Allocation at that time.

24     13.  Papers in support of final approval of the Stipulation of Settlement and
25 approval of the Fee Application and Plan of Allocation shall be filed with the Court
26 according to the schedule set forth in Paragraph 26 below.  The Fairness Hearing
27 may be postponed, adjourned, or continued by order of the Court without further
28 notice to the Class.

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS ACTION

14. After the Fairness Hearing, the Court may enter the Class Action Final Order and Judgment (Exhibit D to the Stipulation of Settlement) in accordance with the Stipulation of Settlement.

15. Pending the Fairness Hearing, all proceedings in the Noteholder Actions relating to Wells Fargo or any of the Released Parties, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are stayed.

16. Pending final determination of whether the Settlement should be approved, no Plaintiff or Class Member in any of the Noteholder Actions shall commence or continue, directly, derivatively, in a representative capacity, or in any other capacity, any action against Wells Fargo or any of the Released Parties in any court or tribunal asserting any of the Released Claims.

17. The Court approves, as to form and content, the Long Form Notice and Summary Notice, attached as Exhibits B and A, respectively, to the Stipulation of Settlement.

18. Kurtzman Carson Consultants LLC is hereby appointed as Settlement Administrator for the Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

19. Class Counsel shall provide notice of the Settlement and of the Fairness Hearing to the Class Members as follows:

   a. by mailing, on or before three (3) weeks/twenty-one (21) days after the entry of this Order, the Long Form Notice substantially in the form attached as Exhibit B to the Stipulation of Settlement to the last known addresses of the Class Members;

   b. publishing, not later than thirty (30) days after the entry of this Order, a copy of the Summary Notice substantially in the form attached as Exhibit A to the Stipulation of Settlement in the Legal Section of *USA Today*; and

1          c. providing a link in the Long Form Notice and the Summary
2             Notice to a website at the domain name
3             www.medicalcapitalclass.com that will contain the settlement
4             documents (including but not limited to the Long Form Notice),
5             a list of important dates, and any other information to which the
6             Parties may agree.

7    20.   The Court finds that the Long Form Notice and the Summary Notice
8  are reasonable, and that they constitute due, adequate, and sufficient notice to all
9  persons entitled to receive notice, and that they meet the requirements of due
10 process and Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that
11 the manner of dissemination of the Long Form Notice and the Summary Notice
12 described in Paragraph 19 of this Order complies with Rule 23(d) of the Federal
13 Rules of Civil Procedure as it is a reasonable manner of providing notice to the
14 Class Members.  The Court also finds that the manner of dissemination of the Long
15 Form Notice and the Summary Notice described in Paragraph 19 of this Order
16 complies with Rule 23(c)(2), as it is also the best practicable notice under the
17 circumstances, provides individual notice to all Class Members who can be
18 identified through a reasonable effort, and is reasonably calculated, under all the
19 circumstances, to apprise the Class Members of the terms of the Settlement, and
20 their right to object to the Settlement.  At or before the Fairness Hearing, Co-Lead
21 Class Counsel shall file with the Court proof of dissemination of the Long Form
22 Notice and the Summary Notice.  At or before the Fairness Hearing, Defense
23 Counsel shall file with the Court proof of compliance with the Class Action
24 Fairness Act of 2005, 28 U.S.C. § 1715.

25   21.   Any Class Member may object to the Settlement contained in the
26 Stipulation of Settlement, the entry of the Class Action Final Order and Judgment,
27 the proposed Plan of Allocation, and/or the amount of fees requested by Class
28 Counsel in the Fee Application.  Any Class Member who intends to object to the

Settlement must file with the Court a written objection and/or brief no later than ten (10) weeks/seventy (70) days after the entry of this Order, and must serve a copy of the written objection and/or brief by fax, U.S. mail, or e-mail to Class Counsel and Defense Counsel at the addresses set forth below postmarked (or the equivalent for fax or e-mail) no later than ten (10) weeks/seventy (70) days after the entry of this Order. Objections must be served:

**Upon Class Counsel at:**

Mark C. Molumphy
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Facsimile: (650) 697-0577
E-mail: mmolumphy@cpmlegal.com

Jeff S. Westerman
WESTERMAN LAW CORP.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Facsimile: (310) 201-9160
E-mail: jwesterman@jswlegal.com

**Upon Defense Counsel at:**

Lawrence C. Barth
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Facsimile: (213) 683-4017
E-mail: Lawrence.Barth@mto.com

22. Class Members who object must set forth their full name, current address, telephone number, and signature. Objecting Class Members must state in writing all objections and the reasons for each objection, and state whether the objecting Class Member intends to appear at the Fairness Hearing either with or

without separate counsel.  No Class Member shall be received or considered by the Court at the Fairness Hearing (whether individually or through separate counsel) or entitled to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting Class Member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs have been filed with the Court and served on Class Counsel and Defense Counsel as set forth in Paragraph 21 of this Order.

23. Class Members who fail to file and serve timely written objections in the manner specified in Paragraph 21 of this Order shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

24. Class Counsel shall file papers in support of final approval of the Settlement, Plan of Allocation, and their Fee Application no later than seven (7) weeks/forty-nine (49) days after the entry of this Order.

25. Papers in response to objections to the Settlement, Plan of Allocation, and/or the Fee Application shall be filed with the Court no later than two (2) weeks/fourteen (14) days before the Fairness Hearing.

26. In summary, the dates of performance are as follows:
   a. The Long Form Notice required to be sent by mail to the Class per the Stipulation of Settlement shall be sent **no later than three (3) weeks/twenty-one (21) days after the entry of this Order**;
   b. The Summary Notice shall be published within **thirty (30) days after the entry of this Order**;
   c. All objections to the Settlement and written notices of the objecting Class Member's intention to appear at the Fairness

7 [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION

Hearing shall be filed and served **no later than ten (10) weeks/seventy (70) days after the entry of this Order**.

    d. Class Counsel shall file their papers in support of final approval of the Settlement, Plan of Allocation, and their Fee Application **no later than seven (7) weeks/forty-nine (49) days after the entry of this Order**;

    e. Papers in response to objections to the Stipulation of Settlement, Plan of Allocation, and/or the Fee Application shall be filed with the Court **no later than two (2) weeks/fourteen (14) days before the Fairness Hearing**; and

    f. The Fairness Hearing shall be held on __August 12__, **2013** at __8__:__30__ __a__.**m.**.

27. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members should check the settlement website at www.medicalcapitalclass.com regularly for updates and further details regarding extensions of these dates of performance.

28. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

29. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the Parties fail to obtain the Final Orders and Judgments or any conditions for settlement specified in the Stipulation of Settlement are not met, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

      a. All orders and findings entered in connection with the Stipulation of Settlement shall be vacated and shall become null and void and shall have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

      b. The Noteholder Actions relating to Wells Fargo shall return to the procedural status quo before entry of this Order as if no settlement had been negotiated or entered into;

      c. All of the Court's prior Orders shall, subject to this Order, remain in force and effect; and

      d. The Parties shall cooperate in good faith to determine a reasonable pre-trial and trial schedule.

30. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Wells Fargo or the Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Noteholder Actions, or any actions or proceedings, whether civil, criminal, or administrative. Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in the Noteholder Actions.

1      31.     The Court shall retain jurisdiction over the Noteholder Actions related
2 to Defendants, the Parties, and the administration, enforcement, and interpretation
3 of the Settlement.  Any disputes or controversies arising with respect to the
4 Settlement shall be presented by motion to the Court.
5 IT IS SO ORDERED.
6 Dated: _____ May   6 , 2013

By:      *David O. Carter*
          Honorable David O. Carter
          United States District Judge